No. 14,975.

WOOD v. COLORADO NATIONAL BANK OF· DENVER.
(127 P. [2d] 327)

Decided June 22, 1942.

Mr. HENLEY A. CALVERT, Mr. JAMES W. KELLEY, for plaintiff in error.

Messrs. BARTELS, BLOOD & BANCROFT, for defendant in error.

*In Department.*

MR. JUSTICE BURKE delivered the opinion of the court.

THESE parties appear in the same order as in the trial court. They are hereinafter designated as plaintiff and the bank respectively, and the former husband of plaintiff as Wood.

Plaintiff brought this action against the bank for false representations as to the value of certain securities deposited with it for her benefit under a prenuptial agreement with Wood and demanded judgment for $27,100 actual and $5,000 exemplary damages. Her amended complaint alleged that after the contract and deposit she and Wood were married; that later she sued for divorce and pending that action entered into a property settlement with Wood; that in that negotiation Wood falsely represented that said securities, valued at approximately $30,000, had been depleted by him with consent of the bank by withdrawals to approximately $3,000; that she thereupon made inquiry of the bank which falsely verified Wood's statement; and that relying thereon she settled with Wood for $9,500.

The answer of the bank contains five defenses, the last being a demurrer for want of facts which points out specifically the alleged defects in the complaint. To the first four of these defenses plaintiff demurred for want of facts.

All demurrers were heard together and in the same ruling the court sustained that of the bank to the amended complaint and overruled that of plaintiff to the bank's first four defenses. Thereafter plaintiff moved for time to amend. That motion was denied "principally on the ground that no showing was made of the amendment offered, or to be made, and, further that in view

of the defense raised it would appear to be useless in this particular application for the motion to be granted." On defendant's motion judgment of dismissal was entered, to review which plaintiff prosecutes this writ. Four errors are assigned, the third of which, denial of plaintiff's motion to amend, if good, as we conclude it is, obviates consideration of the others.

██ It is said that where a pleading had been attacked and amended and again held defective further amendment rests in the discretion of the court; citing *King v. Mecklenburg*, 17 Colo. App. 312, 68 Pac. 984, and other authorities. We so assume, but cannot convince ourselves that such discretion was not here abused. If not, its correct exercise rests upon matters not of record. The demurrer to the complaint points out a number of particulars in which it was certainly capable of amendment. As to what the first complaint contained or did not contain, whether it was attacked, if so in what way, and what if any were its fatalities the record is silent. No order on plaintiff to make a showing appears. What defenses the court considered of such finality and potency as to paralyze plaintiff we cannot tell. If so operating they must have been prima facie such as to constitute a bar, and they do not so appear to us. If not, the proposed amendment must of necessity be before the court for its merit or want of merit to be adjudged. When the demurrer to the complaint was sustained, no complaint remained; hence no answer, and being no answer there was no demurrer to an answer. In substance the court's order is that the only pleading was a good answer and on that pleading defendant was entitled to judgment. We fail to follow this.

The judgment is reversed and the cause remanded with leave to plaintiff to tender her amendment.

MR. CHIEF JUSTICE YOUNG, MR. JUSTICE KNOUS and MR. JUSTICE JACKSON concur.